**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-30-TLS |
| | ) | |
| CARLOS SANCHEZ | ) | |

**OPINION AND ORDER**

The Defendant, Carlos Sanchez, was charged in Counts 1–5 and 7–12 of a 12-count Superseding Indictment. He pled guilty to two of those counts: conspiring to defraud the United States government by dealing in firearms without a license in violation of 18 U.S.C. §§ 371 (Count 1) and; maintaining a place for the purpose of distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count 11). A United States Probation Officer prepared a Presentence Investigation Report (PSIR) in anticipation of the Defendant's sentencing. The Defendant has objected to the Probation Officer's calculation of the guidelines, specifically to the grouping of Counts 1 and 11 pursuant to Guideline § 3D1.2(c). The Defendant submits that a separate subdivision of § 3D1.2 provides the appropriate grounds for grouping, and that, under that subsection, his sentence would be capped at the sixty-month statutory maximum that applies to the Count 1 conviction for unlicensed firearm dealing. The purpose of this Order is to direct the submission of a revised PSIR, to be followed by supplemental briefing by the parties.

The Federal Sentencing Guidelines are one of the sentencing factors that a court must consider when imposing sentence, 18 U.S.C. § 3553(a)(4), and "courts must correctly calculate the applicable guideline range before considering the pertinent § 3553(a) factors." *United States v. Pankow*, 884 F.3d 785, 793 (7th Cir. 2018). A guideline range is determined by applying the provisions of the United States Sentencing Guidelines Manual, which are set out in chapters

numbered consecutively from 1 to 8, in the order that they appear in the Guideline Manual. *See* U.S.S.G. § 1B1.1(a).

Although the Defendant's objection is framed as an objection to grouping, i.e., step 4, the parties' submissions reveal disagreement regarding the § 2K2.1(b)(6)(B) "other felony offense" enhancement that was applied during the step 2 calculation of the Count 1 firearm offense. (PSIR ¶ 39.) This enhancement was applied on grounds that the Defendant engaged in "drug trafficking." (PSIR ¶ 25.) The four-level enhancement under § 2K2.1(b)(6)(B) applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." The commentary to the guidelines explains that "in connection with" means the enhancement applies if the firearm facilitated, or had the potential of facilitating, another felony offense. U.S.S.G. § 2K2.1, cmt. n.4.

Before the Court addresses the grouping issue at step 4, it must correctly calculate the adjusted base offense levels for each count. *See United States v. Sinclair*, 770 F.3d 1148, 1157 (7th Cir. 2014) (noting that "the grouping rules in Part D of Chapter Three are not applied in the abstract; they come into play *after* the offense level for each count in the case has been determined"); U.S.S.G § 1B1.1(a)(4) (directing the court to repeat the step 1 through 3 calculation for each count of conviction and then apply Part D of Chapter Three to group the various counts). Even if the counts are not grouped as one, but remain two separate groups, the most serious offense is used as a starting point to arrive at the single offense level that encompasses all the counts of which the Defendant is convicted. *See* U.S.S.G. ch. 3, pt. D, introductory cmt. Before determining this starting point, the Court will give the parties an opportunity to address whether the Defendant's maintenance of a drug house was sufficiently

related to his unlicensed firearms dealing, such that the latter facilitated or had the potential to facilitate the former.

But first, the Court will direct the probation officer to revise the PSIR to include the calculation of the offense level for Count 11. The PSIR does not currently contain a separate calculation for Count 11, presumably because the single offense level that results from applying the grouping rules is not impacted by the calculation of the adjusted offense level for Count 11. Rather, the resulting single offense level for the group is the same as the offense level for Count 1, because the calculation for Count 1 resulted in the highest offense level. *See* U.S.S.G. § 3D1.3(a).[1] However, because the Guidelines require the completion of steps 1 through 3 of the application instructions for each offense before any grouping rules are applied, the Court finds that such revision will provide the most accurate and complete record. Moreover, the calculation for Count 11 may prove pivotal for the grouping analysis, particularly if it is determined that the § 2K2.1(b)(6)(B) enhancement does not apply to Count 1 as Count 11 would not embody conduct that enhanced the offense level for Count 1. Grouping Counts 1 and 11 would still be

---

[1] If the PSIR is correct, and § 3D1.2(c) is the appropriate grouping provision, then § 3D1.3(a) dictates that the offense level for the group is the offense level that corresponds to the highest offense level—in this case, Count 1. Even if § 3D1.2(d) provides the grounds for grouping (which, as set forth later in this Opinion and Order, the Court finds it does not), the highest offense level still becomes the final offense level for the group. Section 3D1.3(b), which applies specifically to counts grouped together pursuant to subsection (d) provides that

> the offense level applicable to a Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two and Parts A, B and C of Chapter Three. *When the counts involve offenses of the same general type **to which different guidelines apply**, apply the offense guideline that produces the highest offense level.*

U.S.S.G. 3D1.3(b) (emphasis added). There is no dispute that different guideline provisions apply to Count 1 as a firearms offense and to Count 11 as a drug offense. Additionally, contrary to the Defendant's assertion, the guideline sentence for Count 1 would be calculated without regard to the statutory maximum, because statutory sentences are not considered until Step 8 when applying Part G of Chapter Five.

3

required if conduct embodied in Count 1 is treated as a specific offense characteristic, or other adjustment to, the guideline that is applicable to Count 11. *See* U.S.S.G. § 3D1.2(c). A revision to the PSIR to include a calculation for Count 11 will bring clarity to this point. *See Sinclair*, 770 F.3d at 1159 (emphasizing that § 3D1.2(c) requires grouping "when one of the counts embodies conduct that *is treated* as a specific offense characteristic in, or other adjustment to , the guideline applicable to another of the counts") (quoting U.S.S.G. § 3D1.2(c)) (brackets omitted). If the revision to the PSIR prompt additional objections, those can be addressed in the supplemental briefing.

Although the Curt is inviting further briefing, the Court does already have all the information necessary to address part of the Defendant's grouping argument. The PSIR grouped Counts 1 and 11 pursuant to Guideline § 3D1.2(c), and referred to the Group as "Count Group 1: Conspiracy to Defraud the United States." The Defendant submits that a separate subdivision of § 3D1.2, subsection (d), is the appropriate grouping provision. The Court finds that, whether subdivision (c) applies should remain under advisement but that, regardless, Counts 1 and 11 could not be grouped under subdivision (d).

Part D of Chapter Three "provides rules for determining a single offense level that encompasses all the counts of which the defendant is convicted." U.S.S.G. Ch. 3, pt. D, introductory cmt. "The single, 'combined' offense level that results from applying these rules is used, after adjustment pursuant to the guidelines in subsequent parts, to determine the sentence." *Id.* The grouping guideline begins with a general rule—"[a]ll counts involving substantially the same harm shall be grouped together in a single Group"—and continues with a list of circumstances in which counts are deemed to involve "substantially the same harm" within the

4

meaning of the rule. U.S.S.G. § 3D1.2. Relevant here, subdivision (d) states that "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." U.S.S.G. § 3D1.2(d). The Guidelines Manual then provides a list of the guideline sections that apply to the kinds of offenses that are to be grouped under subsection (d). They include "most property crimes (except robbery, burglary, extortion and the like), drug offenses, firearms offenses, and other crimes where the guidelines are based primarily on quantity of contemplate continuing behavior." *Id.*, cmt n.6. The Defendant argues that because his firearm and drug offenses are of this type, and the applicable guideline sections (§ 2K2.1 and § 2D1.1) appear on the list, they should be grouped *together*. What subsection (d) intended, however, is that drug offenses be grouped with other closely related drug offenses, and that firearms offenses be grouped with other closely related firearm offenses, and treated as a single offense for purposes of the guidelines. For example, had the Defendant been convicted of, or pled guilty to all the counts in the Superceding Indictment, many of which were related to firearms, those counts would have comprised a group. Taken to its logical conclusion, the Defendant's argument is that any guideline section that appears on the list is to be grouped with the others on the list. This is incorrect. Offenses involving fish, wildlife, and plants—which appears on the list (§ 2Q2.1)—do not involve substantially the same harm as antitrust offenses, which also appear on the list (§ 2R1.1). If Counts 1 and 11 are to be grouped, it is not under subsection (d).

"Exclusion of an offense from grouping under [subsection (d)] does not necessarily preclude grouping under another subsection" U.S.S.G. § 3D1.2(d), and the Defendant's

objection to the grouping under subsection (c) remains under advisement unless withdrawn through the supplemental briefing.

**CONCLUSION**

For the reasons stated above, the Defendant's objection to the PSIR remains under advisement. The Court directs the probation officer to file a revised PSIR in accordance with this Opinion and Order by **July 13, 2018**. The Defendant is granted until **July 27, 2018**, to file a supplemental brief in support of his grouping objection or any other objections to the PSIR. The Government's response is due by **August 10, 2018**. The telephonic sentencing status set for July 17, 2018, is VACATED and RESCHEDULED for **September 20, 2018**, at 11:00 AM before Chief Judge Theresa L. Springmann. The Court will initiate the call.

SO ORDERED on June 28, 2018.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT