**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-30-TLS |
| | ) | |
| CARLOS SANCHEZ | ) | |

**OPINION AND ORDER**

The Defendant, Carlos Sanchez, pled guilty to conspiring to defraud the United States government by dealing in firearms without a license in violation of 18 U.S.C. §§ 371 (count 1), and to maintaining a place for the purpose of distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count 11). After a United States Probation Officer prepared a Presentence Investigation Report (PSIR) in anticipation of the Defendant's sentencing, the Defendant objected to the Probation Officer's calculation of the guidelines, specifically to the grouping of the two counts of conviction pursuant to Guideline § 3D1.2(c). According to the Defendant, grouping was appropriate, but under a separate subdivision. Further, he believed that, under that subsection, his sentence would be capped at the sixty-month statutory maximum that applies to the Count 1 conviction for unlicensed firearm dealing. Notably, the statutory maximum for Count 11 is twenty years.

On June 28, 2018, the Court issued an Opinion and Order [ECF No. 161], keeping under advisement whether subdivision (c) of § 3D1.2 applied. The Court rejected, however, the Defendant's argument that another grouping subdivision applied. The Court also directed the submission of a revised PSIR to include a calculation for Count 11, as that would bring clarity to whether conduct embodied in either of the counts was treated as a specific offense characteristic, or other adjustment to, the guideline that is applicable to the other count. *See* U.S.S.G.

§ 3D1.2(c).

A revised PSIR was filed into the record on July 18, 2018. It provided the separate calculation for Count 11, and grouped the counts pursuant to U.S.S.G. § 3D1.2(c). In the Defendant's Supplement Brief in Support of Objections to Presentence Investigation Report Calculations of Sentencing Guidelines [ECF No. 164], the Defendant states that his objection is with the grouping, and not to the offense levels calculated individually for each count before grouping. However, he "has nothing to add to his objection as to the methodology employed by the Probation Department in reaching its determination of the guideline sentence." (Def.'s Supp. 2.) The remainder of the Defendant's brief is devoted to arguments under 18 U.S.C. § 3553(a).

The Court incorporates, by reference, the analysis contained in its June 28, 2018, Opinion and Order. With the revised PSIR's clarification—brought about by the completion of steps 1 through 3 of the application instructions for each offense before applying the grouping rules—the Court overrules the Defendant's objection to the grouping analysis. The Court will address the statutory sentencing factors, and determine the sentence that is sufficient but not greater to meet those purposes, at the time of sentencing. The telephonic status conference set for September 20, 2018, at 11:00 AM in confirmed. The sentencing hearing date will be set by separate entry.

SO ORDERED on August 14, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT