# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-30-TLS |
| | ) | |
| CARLOS SANCHEZ | ) | |

## OPINION AND ORDER

The Defendant, Carlos Sanchez, was charged in Counts 1–5 and 7–12 of a 12-count Superseding Indictment. He pled guilty to two of those counts: conspiring to defraud the United States government by dealing in firearms without a license in violation of 18 U.S.C. § 371 (Count 1) and maintaining a place for the purpose of distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count 11). The parties filed a Stipulation [ECF No. 175], stating the true and accurate weight of the drugs associated with Count 2 as 97.3 grams. The Court accepts the Stipulation. A United States Probation Officer prepared a Revised Final Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. This Opinion and Order resolves the Defendant's objection to the Revised PSR.

## THE PRESENTENCE INVESTIGATION REPORT

Between February 2016 and May 2016, a confidential informant (CI) with the Burearu of Alcohol, Firearms, and Tobacco purchased a number of firearms and cocaine from the Defendant. The CI was equipped with an audio and/or video recording device that captured the meetings with the Defendant. The CI informed the Defendant that he was a felon, and advised the Defendant that he was purchasing the firearms in question for Latin King members in Chicago. The Defendant was, at one time, himself associated with the Latin Kings.

Applying Guideline § 2K2.1(a)(4)(B), the Defendant's base offense level was set at 20. The PSR included a four-level enhancement to the base offense level on the grounds that the Defendant was trafficking firearms. *See* U.S.S.G. § 2K2.1(b)(5) (providing for increase in base offense level if the defendant "engaged in the trafficking of firearms"). The offense level was further enhanced by four levels under U.S.S.G. § 2K2.1(b)(6)(B), which applies if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

After taking into account the Defendant's acceptance of responsibility adjustment, the total offense level was 33. This offense level, when combined with the Defendant's criminal history category of III, yielded a Guideline range of 168 to 210 months of imprisonment. The Defendant objects to the enhancement under § 2K2.1(b)(5), and argues that his total offense level should be 29. If his objection is sustained, the Guideline range would be 108 to 135 months of imprisonment.

**ANALYSIS**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). This Opinion and Order is intended to resolve the issues related to the first step, calculation of the Guidelines range.

Facts relevant to sentencing should be proved by a preponderance of the evidence. *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009); *see also United States v. Krieger*, 628 F.3d 857, 862 (7th Cir. 2010) (advising that sentencing factors that do not increase the defendant's sentence beyond the statutory range may be found by the court at sentencing by a preponderance of the evidence). "A proposition proved by a preponderance of the evidence is one that has been shown to be more likely than not." *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012). The Federal Rules of Evidence do not apply to sentencing, *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005), and a court may rely on hearsay as long as the information "has sufficient indicia of reliability to support its probable accuracy," *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008) (citation and quotation marks omitted). *See also United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010) ("Sentencing judges necessarily have 'discretion to draw conclusions about the testimony given and evidence introduced at sentencing,' but 'due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations.'") (quoting *England*, 555 F.3d at 622). As such, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *Rollins*, 544 F.3d at 838. "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the court may rely on it. *Id*. However, it is the Government's burden to prove by a preponderance of the evidence that an enhancement applies. *United States v. Hines*, 449 F.3d 808, 815 (7th Cir. 2006); *United States v. Foutris*, 966 F.2d 1158, 1160 (7th Cir. 1992).

Guidelines § 2K2.1(b)(5) provides for a four-level enhancement if the defendant "engaged in the trafficking of firearms," which the Guidelines commentary notes applies if the defendant "knew or had reason to believe that such conduct would result in the transport,

3

transfer, or disposal of a firearm to an individual . . . who intended to use or dispose of the firearm unlawfully." The facts in the PSR show that the Defendant knew or should have known that his conduct would result in the transfer of the firearms to an individual who intended to use the firearms unlawfully. The CI told the Defendant that the firearms were for Latin King members in Chicago. The Defendant, at one time a member of the Latin Kings himself, knew or should have known that gang members would use illegally-purchased guns unlawfully. *See Unites States v. Jemison*, 237 F.3d 911, 918 (7th Cir. 2001).

The Defendant objects to the application of *Jemison*'s argument in his case. He notes that *Jemison* and the other case relied upon by the Government in its brief, *United States v. Moody*, 197 Fed. App'x 501 504 (7th Cir. 2006), address language now found at § 2K2.1(b)(6)(B). The Defendant explicitly states that he is not contesting the enhancement under § 2K2.1(b)(6)(B). Therefore, the Defendant argues, applying enhancements for his knowledge regarding the eventual use of the guns under both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) is double counting. (*See Def.'s Reply to Gov't's Resp. to Def.'s Guideline Calculation Objs.*, ECF No. 177, pg. 1 ("it does not stand to reason that the same enhancement should be applied by way of U.S.S.G. § 2K2.1 application note 13 to U.S.S.G. § 2K2.1(b)(5). It is obvious that such an application would be punishing twice for the same act which is not keeping with any of the salutary purposes of the guidelines.")).

Double counting occurs when a single aspect of a defendant's conduct triggers multiple increases in offense levels, *see United States v. Diekemper*, 604 F.3d 345, 354 (7th Cir. 2010), but double counting is permissible unless a specific guideline provides otherwise, *United States v. Vizcarra*, 668 F.3d 516, 520–21 (7th Cir. 2012). The Guidelines, at Application Note 13, provide for enhancement under both sections: "[i]n a case in which three or more firearms were

both possessed and trafficked, apply both subsections (b)(1) and (b)(5). If the defendant used or transferred one of such firearms in connection with another felony offense (i.e., an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply." U.S.S.G. § 2K2.1 Application Note 13(D). The Seventh Circuit has held both enhancements should apply, even when (b)(6)(B) applies because of the Defendant's knowledge. *See United States v. Rodriguez*, 884 F.3d 679, 680-6\81 (7th Cir. 2018) ("[A]ny time a defendant transfers a firearm with the knowledge, intent, or reason to believe that it would be used in connection with another felony they will necessarily have trafficked firearms. As a result, the guidelines fall far short of expressly prohibiting simultaneous application of the trafficking enhancement and the other-felony enhancement."). Thus, while the Defendant is correct that his knowledge that the guns would be used unlawfully is counted twice – once as trafficking, and once as providing connection with another felony – the Guidelines do not prohibit enhancement under both sections in these circumstances.

## CONCLUSION

Based on the above, the Court OVERRULES the Defendant's objection to the PSR. The Court will set the Telephonic Sentencing Status Conference and the Sentencing by separate order.

Entered November 7, 2018.

 s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
